# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-40285

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

WILLIAM D. BROWDER,

Plaintiff-Appellant

v.

TOM GAREY; S. FLECHER; BRYAN COLLIER; HOLLY BEARD, Hearing Officer; DOMINIQUE ROSS NWAJEI; LORIE DAVIS,

Defendants-Appellees

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-179

————

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William D. Browder, Texas prisoner # 00549674, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint. His IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40285

In his amended § 1983 complaint, Browder alleged that officials with the Texas Board of Pardon and Paroles and the Texas Department of Criminal Justice unlawfully imprisoned him and violated his right to due process by failing to afford him a preliminary hearing following his arrest on a pre-revocation warrant, failing to hold his parole revocation hearing within the time limits prescribed by Texas and federal law, and confining him in a prison rather than a jail. He further asserted that his attorney failed to argue that his rights had been violated. Finally, Browder contended that he should have been released back on parole after the statutory deadline for providing him a revocation hearing expired.

We agree with the district court that Browder has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motion for leave to proceed IFP on appeal and dismiss the appeal as frivolous. *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Browder's § 1983 complaint and the dismissal of this appeal as frivolous count as strikes under the three-strikes provision in 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Browder is cautioned that if he accumulates another strike under § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED